FILED

FEB 1 5 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 07-23765-A-13G |
| JEFFREY PAUL JOHNSON, | |
| Debtor. | |
| SARA L. KISTLER, Acting United States Trustee, | Adv. No. 07-2257 |
| Plaintiff, | |
| vs. | Date: February 15, 2008 |
| JEFFREY PAUL JOHNSON, | Time: 1:30 p.m. |
| Defendant. | |

## MEMORANDUM

The United States Trustee filed this adversary proceeding pursuant to 11 U.S.C. §§ 105 and 349 in order to enjoin debtor and defendant Jeffrey Paul Johnson from filing future bankruptcy petitions for a three-year period in either the Eastern District of California or the Northern District of California absent the prior authorization by the bankruptcy court.

The underlying bankruptcy case, Case No. 07-23765-A-7, which the court dismissed on October 16, 2007, is the debtor's ninth case since May 1994 and is the sixth case filed within the last eight years. Yet, the debtor has listed only one previous case

on his petition, Case No. 00-52889, a chapter 7 case in which he received a discharge.  The United States Trustee maintains that the debtor's history of filing bankruptcy petitions and then failing to diligently prosecute those petitions demonstrates that the debtor is filing petitions for the sole purpose of acquiring the automatic stay of 11 U.S.C. § 362(a) but without any intention or ability of obtaining a discharge and/or reorganizing his financial affairs.

To receive this injunctive relief, the United States Trustee must demonstrate that, in addition to a pattern of filing petitions and then failing to diligently prosecute them, this abuse is likely to continue, money damages would not be an adequate remedy, irreparable harm is likely to befall creditors if another petition is filed, and the harm caused to creditors exceeds the hardship caused to the debtor if the injunction is granted.  See 13 Moore's Fed. Practice, "Injunctions and Restraining Orders," § 65.06 (3rd ed.).

The foregoing has been established.

The debtor has a long history of filing serial petitions that are not diligently prosecuted resulting in their dismissal.

The debtor filed one case in 1995 (95-34505-13), two cases in 1999 (99-30656-7 & 99-33168-13), one case in 2000 (00-52899-7), three cases in 2004 (04-50526-7 & 04-53209-13 & 04-55593-13), one case in 2005 (05-32187-13), and one case in 2007 (07-23765-7).  Save one, each of these cases were dismissed due to one or another default by the debtor.  For instance:

- According to the docket of Case No. 95-34505-13, that case was dismissed because the debtor failed to appear at a

continued meeting of creditors.

- In Case No. 99-30656-7 the debtor did not pay his filing fee.  As a result, the petition was dismissed.

- Case No. 99-33168-13 was dismissed after the debtor did not appear at his meeting of creditors and failed to make any chapter 13 plan payments.

- Case No. 00-52899-7 was the only case in which the debtor obtained a discharge.

- Case No. 04-50526-7 was dismissed pursuant to the U.S. Trustee's motion because the debtor was not eligible for chapter 7 discharge until June 2006.

- Case No. 04-53209-13 was dismissed pursuant to the chapter 13 motion because the debtor made no plan payments.

- Case No. 04-55593-13 was dismissed with a 180-day bar to refiling on the chapter 13 trustee's motion because the debtor was a serial filer of bankruptcy petitions, all filed without the intent to diligently prosecute and complete his cases.

- Case No. 05-32187-13 was dismissed due to the debtor's failure to pay his filing fee.

- Case No. 07-23765-7 was dismissed because the debtor did not attend his meeting of creditors and failed to pay a filing fee installment.

With the exception of the debtor's last bankruptcy case, filed in the Eastern District of California, all cases were filed in the Northern District of California.

The court further notes that, in Case No. 04-55593-13, the chapter 13 trustee's motion to dismiss that case identifies three

more cases filed by the debtor, reaching as far back as May 17, 1985.

The only conceivable purpose of this pattern of filing cases was to acquire the automatic stay in order to hinder, delay, and defraud creditors but without submitting the debtor's assets to review and control of the court.  Because the debtor's abuse of the processes of the bankruptcy court has been repeated over an extended period of time, creditors have no adequate remedy at law.  See e.g., Northeast Women's Ctr., Inc. v. McMonagle, 665 F. Supp. 1147, 1153 ("The legal remedy is inadequate if the plaintiff's injury is a continuing one, where the last available remedy at law would relegate the plaintiff to filing a separate claim for damages each time it is injured anew.").  The resulting harm to creditors from a continuation of the debtor's bad faith conduct, then, will be irreparable.

The debtor failed to appear at trial and offer any excuse or explanation for his past conduct or promise regarding his future conduct.  This reinforces the court's conclusion that, unless it grants injunctive relief, the debtor is likely to continue to file bankruptcy petitions in order to hinder, delay, and defraud creditors.  Upon the filing of another petition, the automatic stay will force the debtor's creditors to either hire attorneys to obtain relief from the automatic stay or wait until the stay is terminated or it expires once the case is dismissed.

Further, once filed, the court will have to process the bankruptcy case, including, without limitation, docket documents, assign a case manager, assign a trustee, assign a judge, set and notice a meeting of creditors, and mail copies of the petition to

-4-

the trustee.   In turn, the trustee will have to process the case, including, without limitation, review the petition documents and set, prepare, and conduct a meeting of creditors.   None of this can be undone.

Because the debtor has no funds to pay even his filing fee, the debtor cannot be expected to compensate any of the above-mentioned parties for the harm they have sustained.

Given the debtor's history of filing prior bankruptcy cases and defaulting on the obligations and duties imposed by the Bankruptcy Code, the court concludes that future abuse of the bankruptcy court's processes is likely if the debtor is not enjoined from filing further petitions.

The court further concludes that the threat of the debtor filing another bankruptcy petition is substantial, and if such occurs, there will be no adequate remedy at law for his creditors.

11 U.S.C. § 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not ... prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109 (g) of this title."   And, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. § 105(a).

Serial filings, failure to appear at a creditors' meeting, bad faith, unreasonable delay, and/or violation of court orders may be cause under 11 U.S.C. § 349(a), warranting the dismissal of cases with prejudice to the filing of subsequent petitions. See Leavitt v. Soto (In re Leavitt), 209 B.R. 935, 939 (B.A.P.

9th Cir. 1997); see also In re McClure, 69 B.R. 282, 286-87
(Bankr. N.D. Ind. 1987); In re Ladd, 82 B.R. 476, 477 (Bankr.
N.D. Ind. 1988); In re Petro, 18 B.R. 566, 568-69 (Bankr. E.D.
Pa. 1982).

The court, however, is not considering the dismissal of the
most recent petition.  Instead, it is being asked to prevent the
debtor from filing a future petition without prior leave of
court.  Such relief also is appropriate under section 105(a) in
circumstances such as are presented in this case.

The harm likely to befall creditors is not out-weighed by
the hardship to the debtor if he is enjoined from filing a future
bankruptcy petition for a three-year period.  This is because the
court is qualifying the injunctive relief - the debtor may file a
petition during the three-year period provided that he first
obtains leave to file it from the bankruptcy court.  In
considering whether to give him that permission, the bankruptcy
court may consider, among other things, whether the debtor has
prepared and lodged all schedules and statements, prepared and
lodged a proposed plan, tendered the filing fee, is an eligible
debtor, is eligible for a discharge, has the ability to fund a
plan, and is represented by legal counsel.

The United States Trustee shall lodge a proposed judgment.

Dated: 15 Feb 2008

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

-6-

1

**CERTIFICATE OF SERVICE**

2

3
          On the date indicated below, I served a true and
correct copy(ies) of the attached document by placing said
copy(ies) in a postage paid envelope addressed to the person(s)
hereinafter listed and by depositing said envelope in the United
States mail or by placing said copy(ies) into an interoffice
delivery receptacle located in the Clerk's Office.

4

5

6

7
Jeffrey Paul Johnson
2209 N Filbert St
Stockton, CA 95205

8

9
Antonia G. Darling
Office of the U.S. Trustee
501 I Street, #7-500
Sacramento, CA 95814
***Served at the time of trial***

10

11

12

13
                    Dated: FEB 1 5 2008

14
                              *Teresa M. Jackson*
                              DEPUTY CLERK

15

16

17

18

19

20

21

22

23

24

25

26

27

28